By the Court.
This was a proceeding in quo warranto brought in the court of appeals of Montgomery county, challenging the right of the defendant in error to exercise the privileges and franchises which it claims as a body corporate organized pursuant to the laws of Ohio.
The petition alleges that the relators are taxpayers and residents of the cities of Dayton and Troy, respectively; that the attorney general and the prosecuting attorneys of Miami and Montgomery counties were requested to bring the suit and refused to do so; that the relators are owners of certain real estate in Dayton and Troy, which is described in the petitition; that Dayton and Troy are both cities organized under the laws of Ohio; *484 that the defendant has sold and registered certain bonds, and claims the right of eminent domain over certain property within the Miami Conservancy District, referred to in the petition; that for the purpose of securing and redeeming said bonds the said defendant cpmpany has levied on the city of Dayton and the city of Troy, and the real estate of the relators, certain assessments described in the petition; that the defendant claims the exclusive right tó straighten, widen, alter or change the course of any ditch, drain, sewer, river, watercourse, etc., and to change the location of any fence, building, railroad or canal in the district; and prays that the defendant be required to answer by what warrant it exercises said liberties, privileges and franchises aforesaid, contrary to the guaranteed rights of the relators, and for judgment of ouster.
The case was submitted to the court on the motion of the defendant to dismiss the petition, on the grounds that the petition was filed without leave and without authority and that the defendant is not a proper party.
The court sustained this motion and dismissed the .petition on the ground that the relators had no right to bring the suit. The right to file an. information. in the nature of a quo warranto, or to institute a civil action or proceeding, to arrest ■-a-usurpation of franchises, does not. belong to. the. individual citizen. The right to institute such proceedings is in the state.
It is well settled that in this state a private person cannot maintain quo warranto except under the *485 authority conferred by what is now Section 12307, General Code. Under that section a person claiming to be entitled to a public office unlawfully held and exercised by another may by himself or an attorney bring an action therefor. State, ex rel. Wasson, v. Taylor, 50 Ohio St., 120, and State, ex rel. Heer, v. Butterfield et al., 92 Ohio St., 428, 431.
Section 6 of the act known as the Conservancy Act, under which the defendant was created, (Section 6828-6, General Code), contains the following: “After an order is entered establishing the district, such order shall be deemed final and binding upon the real property within the district and shall finally and conclusively establish the regular organization of the said district against all persons except the State of Ohio upon suit commenced by the attorney general. Any such suit must be commenced within three months after said decree declaring such district organized . herein provided, and not otherwise. The organization of said district shall not be directly or collaterally questioned in any suit, action or proceeding except as herein expressly authorized.”'
The succeeding section provides that after a decree has been entered creating the district, in accordance with statute, the decree shall be filed with the secretary of state as the basis of the incorporation, and no other proceedings are required to perfect it.
The petition in this case does not allege that the steps provided in the statute for the creation of the defendant in error conservancy district company were not taken in accordance with the statute. It *486 will be, therefore, presumed that the requisite requirements have been complied with.
The constitutional validity of the Conservancy Act has been upheld by this court in the County of Miami et al. v. City of Dayton et at., 92 Ohio St., 215. Therefore the provisions of Section 6, with reference to the necessity of suit by the attorney general, in case of an attack upon the regularity of the organization of the district, must control.
For these reasons the judgment of the court of appeals will be affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Matthias, Johnson, Wanamaicer, Robinson and Merrell, JJ., concur.